IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL E. TUDOR and <br> LUZ MARIA TUDOR, <br>         Plaintiffs, <br> v. <br> <br> ZURICH AMERICAN INSURANCE CO., <br> DASEKE, INC., SLT EXPRESS WAY, <br> INC., ROADMASTER GROUP II, LLC, <br> and BEDROCK, INC. <br> <br>         Defendants. | Case No.: CIV-2021-238-C <br> <br> Removed from the District Court of Lincoln County, CJ-21-02 |

## NOTICE OF REMOVAL

Defendant Bedrock, Inc., pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446, hereby removes the above-captioned action currently pending in the District Court of Oklahoma County, Oklahoma to the United States District Court for the Western District of Oklahoma. The grounds for removal are as follows:

1. Plaintiffs Michael E. Tudor and Luz Maria Tudor ("Plaintiffs") commenced this action, entitled *Tudor v. SLT Express Way, Inc., et. al.* ("the Action"), by filing a Petition in the District Court of Lincoln County on January 13, 2021. See attached Exhibit 1- Tudor Petition.

2. Under 28 U.S.C. §§ 116(c), 1446(a), the United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal.

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.2, a copy of the Oklahoma County District Court docket sheet is attached as Exhibit 1 and copies of all process, pleadings, or other filings are attached as Exhibits 2 (Petition and summons - SLT).

5. The Petition alleges an actionable claim for negligence under Oklahoma common law.

6. The Petition alleges that the claims arose from conduct- operations of motor vehicles – occurring within Lincoln County, Oklahoma. Id.

7. Defendant was served with a summons and a copy of the Petition on February 17, 2021, by certified mail to an improper agent for service of process.

8. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is filed within 30 days after Defendant's receipt of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based," and so this Notice of Removal is timely filed.

9. At present, there are no pending motions or discovery requests.

10. Defendant Bedrock, Inc. was notified of the suit through later receipt of a summons and a copy of the Petition that occurred on SLT Express Way, Inc. on February 17, 2021, by certified mail to an improper agent for service of process.[1]

11. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is filed within 30 days after Defendant's receipt of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based," and so this Notice of Removal is timely filed.

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff and the District Court of Lincoln County, Oklahoma promptly after the filing of this Notice of Removal.

13. Venue in this Court is proper pursuant to 28 U.S.C. §§ 166(c), 1446(a).

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is a civil action where the amount in controversy exceeds $75,000, and the Plaintiffs and Defendants are citizens of different states.

---

[1] Nonetheless, undersigned counsel has been in regular contact with counsel for Plaintiffs. The parties are tentatively agreeable to entering stipulations of dismissal as to unnecessary defendants in the case; moreover, Bedrock, Inc., has agreed to waive service and will promptly file an Answer with this Court to expedite the administration of the merits of this case.

15.     It is apparent from the face of the Petition that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* Petition, attached as Exhibit 1, at p. 7, "Wherefore Paragraph" (seeking damages in excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332, $75,000.00).

12.     The assertions regarding damages in the Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

13.     An individual's citizenship is determined by their domicile, meaning the place where the individual resides with an intent to remain indefinitely. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). While residence and citizenship are not equivalent, "the place of residence is *prima facie* the domicile." *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

14.     Plaintiff alleges they "were at all times herein individual residents of the State of New Mexico." *See* Petition, attached as Exhibit 1, at ¶ 1.

15.     A corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

16.     Zurich American Insurance Company is an insurance company organized under the laws of New York, with its principal place of business in the State of Illinois. Thus, it is a citizen of the States of New York and Illinois for purposes of diversity jurisdiction. *See* Exhibits 3 & 4 – Principal Place of Business & Incorporation documentation.

17.     SLT Express Way is an inactive (merged) corporation organized under the laws of the state of Utah, with its principal place of business in the State of Arizona. Thus, it was/is a

citizen of the States of Utah and Arizona for purposes of diversity jurisdiction. *See* Exhibits 5 & 6 – Principal Place of Business & Incorporation documentation.

18. Bedrock, Inc. is a corporation organized under the laws of the state of Texas, with its principal place of business in the State of Texas. Thus, it is a citizen of the State of Texas for purposes of diversity jurisdiction. *See* Exhibit 7, Bedrock SEC registration and principal place recording.

19. Daseke, Inc. is a corporation organized under the laws of Delaware, with its principal place of business in the State of Texas. Thus, it is a citizen of the States of Delaware and Texas for purposes of diversity jurisdiction. *See* Exhibit 8, Daseke SEC registration and principal place recording.

20. Roadmaster Group II, LLC, is a Delaware limited liability company, with its sole member Daseke RM, LLC, also a Delaware company, with its sole member Daseke Companies, Inc., incorporated in Delaware, with its principal place of business in the State of Texas. Thus, through membership, Roadmaster Group II, LLC, is a citizen of the States of Delaware and Texas for purposes of diversity jurisdiction. *See* Exhibits 9-10, Delaware corporate registration info for Roadmaster Group II, LLC and Daseke Companies, Inc.

21. Should the Court determine that this Notice of Removal is in some manner defective, Bedrock, Inc., respectfully requests that the Court allow them to amend or supplement, as necessary.

WHEREFORE Defendant Bedrock, Inc., removes the Action to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and invokes this Court's jurisdiction.

Respectfully submitted this 19th day of <u>March</u>, 2021.

        **JOHNSON & JONES, P.C.**

        /s/ Trevor Hughes
        J. Christopher Davis, OBA No. 16639
        Trevor L. Hughes, OBA No. 21229
        Two Warren Place
        6120 S. Yale, Suite 500
        Tulsa, Oklahoma 74136
        Telephone: (918) 584-6644
        Fax: (888) 789-0940
        ***Attorneys for SLT Express Way, Inc.***

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of March, 2021, the undersigned caused a true and correct copy of the above and foregoing to be served by:

    __X__    First-class mail, postage pre-paid;
    _____    Certified mail, return receipt requested;
    _____    Hand-delivery;
    _____    Facsimile; and/or
    __X__    E-mail.

Upon all Counsel or Parties of Record:

    Joe E. White, Jr.
    Charles C. Weddle, III
    White & Weddle, P.C.
    630 N.E. 63rd Street
    Oklahoma City, Oklahoma 73105
    ***Attorneys for Plaintiff***

        /s/ Trevor Hughes