IN THE DISTRICT COURT OF LINCOLN COUNTY,

STATE OF OKLAHOMA

MICHAEL E. TUDOR and  
LUZ MARIA TUDOR,  

        Plaintiffs,  

vs.  

ZURICH AMERICAN INSURANCE  
CO., DASEKE, INC., SLT EXPRESS  
WAY, INC., ROADMASTER GROUP II,  
LLC., and BEDROCK, INC.  

        Defendants.

No. CJ-21-02

## SUMMONS

To the above-named Defendant:    **SLT Express Way, Inc.**

    You have been sued by the above-named Plaintiffs, and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorneys for the Plaintiffs. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this **13th** day of January, 2021.

(Seal)

LINCOLN COUNTY COURT CLERK

BY: _____  
Deputy Court Clerk

Attorneys for Plaintiffs:

JOE E. WHITE, JR.  OBA #12930  
CHARLES C. WEDDLE III  OBA #18869  
NICK PORTER  OBA #34176  
WHITE & WEDDLE, P.C.  
630 N.E. 63rd Street  
Oklahoma City, Oklahoma 73105  
(405) 858-8899

This Summons was served on: _____    _____  
                                    (date of service)              (Signature of person serving Summons)

    YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

IN THE DISTRICT COURT OF LINCOLN COUNTY,

STATE OF OKLAHOMA

MICHAEL E. TUDOR and )
LUZ MARIA TUDOR, )
                         )
       Plaintiffs, )
                         )
vs. )    No. CJ-21-02
                         )
ZURICH AMERICAN INSURANCE )
CO., DASEKE, INC., SLT EXPRESS )
WAY, INC., ROADMASTER GROUP II, )
LLC., and BEDROCK, INC. )
                         )
       Defendants. )

FILED
JAN 1 3 2021
CINDY KIRBY, COURT CLERK
LINCOLN COUNTY, OKLAHOMA

## PETITION

COME NOW the Plaintiffs, Michael E. Tudor and Luz Maria Tudor, and, for their causes of action against the Defendants, Zurich American Insurance Company, Daseke Inc., SLT Express Way, Inc., Roadmaster Group II, LLC, and Bedrock, Inc. (hereafter collectively "Defendants"), would allege and state as follows:

1. Plaintiffs Michael Tudor and Luz Maria Tudor (hereafter collectively "Plaintiffs") were at all times herein individual residents of the State of New Mexico.

2. Zurich American Insurance Company (hereafter "Zurich") is an insurance company authorized to do business in the State of Oklahoma, which issues policies, conducts certain business through agents located in Oklahoma, and is a citizen and domiciled in the State of Illinois, with its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. At all relevant times herein, Zurich was the licensed insurance carrier for Roadmaster Group II, LLC. (hereafter "Roadmaster"). Roadmaster, through its subsidiary company, SLT

Express Way, is an "Authorized for Hire" "Interstate" motor carrier bearing USDOT #991930. Pursuant to 47 O.S. §230.30, Zurich is a proper party Defendant in this matter.

3. Upon information and belief, Roadmaster is a Delaware company with its principal place of business located at 8141 E. 7th Street, Joplin, Missouri 64801.

4. Upon information and belief, Bedrock, Inc. is a Missouri company doing business under the fictitious name Tri-State Motor Transit Co., and its principal place of business is located at 81841 E. 7th Street, Joplin, Missouri 64801.

5. Upon information and belief, Daseke, Inc. is a Delaware company with its principal place of business located at 15455 Dallas Parkway #550, Addison, Texas 75001.

6. Upon information and belief, SLT Express Way, Inc. is an Arizona company with its principal place of business located at 17235 N. 75th Ave., Suite D175, Glendale, Arizona 85308.

7. Upon information and belief, there exists and, at all times herein alleged, a unity of interest in ownership between certain Defendants such that any individuality and separateness between the certain Defendants have ceased and these Defendants are the alter-ego of the other certain Defendants and exert control over those Defendants. Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction fraud and would promote injustice.

8. Upon information and belief, Wilmer Familiamendez (hereafter "Familiamendez") was the driver of the white 2013 semi-tractor and trailer rig on September 27, 2019.

9. That on September 27, 2019, Familiamendez was acting as an agent, servant, and employee of the Defendants.

10. Upon information and belief, Defendants owned the trailer pulled by Familiamendez on September 27, 2019.

11. That the matter sued on herein occurred in Lincoln County, State of Oklahoma.

12. That the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00). Therefore, jurisdiction and venue are proper.

## FACTS

13. Plaintiffs adopt and incorporate herein paragraphs 1 through 12 above, as if more fully stated out herein, and would further allege and state as follows:

14. On September 27, 2019, at or near Interstate 44 and Mile Marker 159 in Lincoln County, State of Oklahoma, Familiamendez negligently operated a white 2013 semi-tractor and trailer rig, causing it to collide with the vehicle operated by Plaintiff Michael Tudor.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

15. Plaintiffs adopt and incorporate herein paragraphs 1 through 14 above, as if more fully stated out herein, and would further allege and state as follows:

16. That Plaintiff Michael Tudor was operating his vehicle in a lawful and legal manner when the white 2013 semi-tractor and trailer rig driven by Familiamendez failed to yield the right-of-way or stop for traffic ahead of him and collided with Plaintiff Michael Tudor's vehicle causing, among other things, serious personal injuries to Plaintiffs.

17. That Plaintiffs state their injuries were caused by the negligence of Familiamendez and that the Plaintiffs in no way contributed to the collision.

(a) That Familiamendez was guilty of negligence in that he carelessly, recklessly, and, with gross disregard of the rights of the Plaintiffs, drove his vehicle in such a manner as to cause a collision with or involving Plaintiff Michael Tudor's vehicle. Had Familiamendez exercised ordinary care by properly controlling the movement and direction of his vehicle, the collision would have been avoided.

(b) That Familiamendez was negligent in that he failed to devote proper time and attention to his driving, and his non-attention thereby caused the collision described above.

(c) That Familiamendez failed to obey traffic laws and road markings.

(d) That Familiamendez drove in a careless and wanton manner without regard for the safety of persons or property, thus violating 47 O.S. §11-901 and making him negligent per se.

(e) That Familiamendez failed to observe and obey the rules of the road.

(f) That Familiamendez operated his vehicle in a manner not reasonable and proper.

(g) That Familiamendez violated 47 OS. §§'s 11-201; 11-311; 11-901; and 11-901(b).

(h) That Familiamendez failed to maintain a safe and proper vehicle.

(i) That Familiamendez and the Defendants failed to obey the Federal Motor Carrier Safety Regulations including, but not limited to, requirements for vehicle maintenance, hours of service, driver qualifications, and record retention.

18. That as the direct and proximate cause of the aforementioned negligence and reckless acts of Familiamendez and the Defendants, the Plaintiffs suffered severe personal injuries and seek actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

19. That based on Defendants' willful, reckless, and gross disregard of the rights of the Plaintiffs, Plaintiffs seek punitive damages against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, premises considered, Plaintiffs prays for actual damages against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs, and any other relief this Court deems just and appropriate.

## SECOND CAUSE OF ACTION

### NEGLIGENT ENTRUSTMENT

20. Plaintiffs adopt and incorporate herein paragraphs 1 through 19 above, as if more fully stated herein, and would further allege and state as follows:

21. That based upon Familiamendez's conduct as set forth above, the Defendants negligently entrusted the operation of their 2013 semi-tractor and trailer to Familiamendez. This allegation of negligence on the part of the Defendants is separate and distinct from the negligence of Familiamendez.

22. Additionally, the Defendants failed in providing and/or implementing a safety program which could have prevented the collision from occurring. This allegation of negligence on the part of the Defendants is separate and distinct from the negligence of Familiamendez.

23. That the Defendants were negligent in failing to investigate and choose a competent driver (i.e., Familiamendez). This allegation of negligence on the part of the Defendants is separate and distinct from the negligence of Familiamendez.

24.  That the Defendants knew or should have known of Familiamendez's unsafe driving practices. This allegation of negligence on the part of the Defendants is separate and distinct from the negligence of Familiamendez.

25.  That the Defendants negligently failed in training Familiamendez on how to safely drive, navigate, lawfully operate a tractor trailer rig, and follow the FMCSR. This allegation of negligence on the part of the Defendants is separate and distinct from the negligence of Familiamendez.

26.  Oklahoma common law imposes a duty of care upon the Defendants to protect all persons who are foreseeably endangered by Familiamendez's conduct with respect to all risks which make the conduct unreasonably dangerous. Familiamendez owed the Plaintiffs a duty to lessen the risk or take precaution to protect those coming within the zone of risk created by his conduct. The Defendants knew or should have known that Familiamendez would be operating the white 2013 semi-tractor and trailer on public roadways, and it was foreseeable that their conduct posed an unreasonable risk of harm to others, including the Plaintiffs.

27.  That the Defendants breached their duty because they entrusted their white 2013 semi-tractor and trailer to Familiamendez when they knew or reasonably should have known that Familiamendez was careless, reckless, and/or incompetent resulting in injuries to the Plaintiffs.

28.  That as a direct and proximate cause of the aforementioned independent act of negligence and reckless acts of Familiamendez, the Plaintiffs suffered serious personal injuries. The Plaintiffs have suffered and will continue to suffer, among other things, mental and physical pain and suffering in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

29. That based upon Familiamendez's willful, reckless, and gross disregard of the rights of the Plaintiffs, the Plaintiffs seek punitive damages against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, premises considered, the Plaintiffs, on their Second Cause of Action, pray for actual damages against each Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exemplary or punitive damages against each Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs, and any other relief this Court deems just and appropriate.

### THIRD CAUSE OF ACTION
### LOSS OF CONSORTIUM

30. Plaintiffs adopt and incorporate herein paragraphs 1 through 29 above and further allege and state as follows:

31. The Plaintiff, Luz Maria Tudor, is and was, at all relevant times hereto, married to the Plaintiff, Michael Tudor.

32. As a result of the actions and inactions of the Defendants, the Plaintiff, Luz Maria Tudor, has been injured and has lost the benefit of services, society, comfort, and/or companionship of her marriage to which she is entitled as the spouse of Plaintiff Michael Tudor.

33. Plaintiff Luz Maria Tudor seeks actual and punitive damages for the loss of services, society, comfort, and/or companionship of her marital relationship with the Plaintiff, Michael Tudor, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, premises considered, Plaintiffs pray for judgment in their favor against each Defendant for (a) actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); (b) punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); (c) Plaintiffs' prejudgment interest, costs, and a reasonable attorney fee; and (d)

such other relief to which Plaintiffs may be entitled – with a combined prayer well in excess of $75,000.00 (to be determined by a jury) for which the Plaintiffs seek judgment and, thereafter, full and complete collection/satisfaction of said judgment against the Defendants.

Respectfully submitted,

JOE E. WHITE, JR.            OBA #12930
CHARLES C. WEDDLE III   OBA #18869
NICK PORTER                    OBA #34176
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma  73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com
nick@whiteandweddle.com

*Attorneys for Plaintiffs*

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

8



WHITE & WEDDLE, P.C.
LAWYERS
630 N.E. 63rd Street
OKLAHOMA CITY, OK 73105

B/C
BEDE!
2/17

Sent To almira

RECEIVED FEB 17 2021

7018 0680 0000 0287 4287

CERTIFIED MAIL

SLT Express Way, Inc.
17235 N. 75th Ave., Suite D175
Glendale, AZ 85308

1ST NOTICE
2ND NOTICE
RETURNED

02 1P
0002107464
MAILED FROM ZIP CODE 73105
FEB 10 2021
US POSTAGE
$ 007.16⁰